UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORENZ DEREK PAULK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES GOVERNMENT, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-00489 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the *in forma pauperis* application and dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff has sued the United States and the Central Intelligence Agency for purported due process violations for which he demands equitable relief and damages. *See* Compl. at 3–7; *see also* Motion to Supplement the Complaint ("Am. Compl."), ECF No. 16, at 1 (seeking to add an Equal Protection Claim). Plaintiff's submissions consist of rambling ruminations and hypothetical questions, and the allegations are borne from incomprehensible conspiracy theories.

*See* Compl. at 4–7.  Plaintiff accuses the United States and the CIA of being a collective "ruthless, domestic, and foreign terrorist" and "criminal organization."  *See id*. at 5–6.  In furtherance, he alleges that the CIA "does violence all over the internet for everyone to see," that "Fox news said [his] name on live TV while [he] was watching[,]" and  "outrageously gestured" to him, that he has been tortured by the government through "hundreds of videos . . . every day," and by way of mind control and surveillance, since 1997 to date, in New Jersey, New York, Pennsylvania, Florida, Delaware, Maryland, Georgia, California, and Washington D.C. *See id*. at 4–7; *see also* Am. Compl. at 1.  The remainder of the complaint is comprised of exhibits ("Compl. Exs."), ECF No. 1-2, that are not unexplained, *see* D.C. LCvR 5.1(e), (g), and relate predominantly to alleged machinations of "mind control" and "brain mapping," *see generally* Compl. Exs.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Consequently, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  Plaintiff's complaint, and his other filings, are patently frivolous, falling squarely into this category.

Accordingly, the complaint, ECF No. 1, and this matter, are dismissed without prejudice. Plaintiff's motion to supplement the complaint, ECF No. 16, is denied, because leave to amend will not be granted when amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff's remaining motions, ECF Nos. 3, 4, 6, 8, 9, 10, 11, 13, 14, 17, are all denied as moot. A separate order accompanies this memorandum opinion.

DATE: March 20, 2025    /s/ CHRISTOPHER R. COOPER
                                  United States District Judge